IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| HOWARD E. LEVENTHAL, ) | Civil Action No.: 12 C 4981 |
| ) | |
| Debtor. ) | Suzanne B. Conlon, Judge |
| ) | |
| ) | |
| HOWARD E. LEVENTHAL, ) | |
| ) | |
| Defendant-Appellant, ) | |
| ) | |
| v. ) | |
| ) | |
| GENE SCHENBERG, ) | |
| ) | |
| Plaintiff-Appellee. ) | |

## MEMORANDUM OPINION AND ORDER

On April 13, 2012, the United States Bankruptcy Court for the Northern District of Illinois entered a judgment order declaring Howard Leventhal's debt to Gene Schenberg non-dischargeable pursuant to § 523(a)(3)(B) of title 11 of the United States Code. *Schenberg v. Leventhal et al.*, 11-ap-1467 (Goldgar, J.), Dkt. No. 159.[1] Leventhal appeals *pro se*.

### BACKGROUND

Howard Leventhal and ex-wife Malgorzata Kubiak-Leventhal[2] voluntarily filed for

---

[1] Citations to the record in the adversary proceeding are preceded herein by "Adv. Dkt. No." Citations to the record in Leventhal's chapter 7 bankruptcy case, *In re Leventhal et al.*, 10-bk-12257 (Goldgar, J.), are preceded by "Bankr. Dkt. No." Citations to the district court are preceded by "Dkt. No." The court may take judicial notice of bankruptcy and adversary proceedings. *Green v. Warden, U.S. Penitentiary*, 699 F.2d 364, 369 (7th Cir. 1983).

[2] Kubiak-Leventhal is not a party to this appeal. The bankruptcy court dismissed all claims against her on October 28, 2011. Mot. to Dismiss Order, Lev. Appx. Ex. 14.

chapter 7 bankruptcy protection on March 22, 2010. They attached a preliminary list of creditors to their bankruptcy petition. Gene Schenberg, a judgment creditor of Leventhal, was included on that preliminary list. The address provided for him was "Chesterfield, Missouri 63017." Ch. 7 Pet'n, Lev. Appx. Ex. 2.

On March 25, 2010, the clerk of the bankruptcy court sent Official Form 9A by first-class mail to Leventhal's and Kubiak-Leventhal's creditors, including to Schenberg at the incomplete address provided on the preliminary list of creditors. Bankr. Dkt. No. 7. Official Form 9A listed April 30, 2010 as the date of the § 341 creditors meeting and June 29, 2010 as the deadline for creditors to file complaints objecting to the debtors' discharge or seeking a determination of dischargeability as to any debt. *Id.* On April 6, 2010, Leventhal and Kubiak-Leventhal filed their bankruptcy schedules as required by Federal Rule of Bankruptcy Procedure 1007(b)(1). Schenberg was listed on Official Form 6F ("Schedule F") as a creditor holding an unsecured nonpriority claim worth approximately $284,000. His mailing address was listed "c/o Richard Huck, 7701 Forsyth Blvd., Ste. 800, St. Louis, MO 63105." Bankr. Dkt. No. 11 at 13. Huck was Schenberg's attorney in the proceedings resulting in the $284,000 judgment debt.

Leventhal's and Kubiak-Leventhal's debts were discharged on June 30, 2010. Notice of the discharge was sent by first-class mail to Schenberg at both the "Chesterfield, Missouri 63017" and "c/o Richard Huck" addresses a few days later. Discharge Notice, Lev. Appx. Ex. 9. The bankruptcy case was closed on July 28, 2010. Over eight months later, on April 15, 2011, Schenberg moved to reopen the bankruptcy case to seek a determination that the debts Leventhal owed him were nondischargeable. His motion was granted, and the case was reopened so he could file a complaint against the debtors. Order on Mot. to Reopen, Bankr. Dkt. No. 99.

2

**The Adversary Proceeding**

On July 8, 2011, Schenberg filed a two-count adversary complaint. Count I sought a determination of dischargeability pursuant to 11 U.S.C. § 523(a)(3)(B). Section 523(a)(3)(B) provides an exception to discharge for certain debts, including debts for "willful and malicious injury" under § 523(a)(6), that are "neither listed nor scheduled" on debtor's bankruptcy forms when creditor does not have "notice or actual knowledge" of the bankruptcy in time to object or seek a determination of dischargeability. 11 U.S.C. §§ 523(a)(3)(B), (a)(6).

Schenberg sought this exception for a $271,895.17 judgment he obtained against Leventhal for malicious prosecution and abuse of process, entered on September 22, 2006 in the Circuit Court of St. Louis County, Missouri, Case No. 04CC-1483 (the "Missouri Judgment"). He also sought the exception for a $5,000 costs and fees award (the "Remand Order") entered after Leventhal attempted to remove the Missouri state court case to the United States District Court for the Northern District of Illinois. He claimed both were debts for "willful and malicious injury" under § 523(a)(6). Count II, which sought a revocation of Leventhal's discharge pursuant to 11 U.S.C. § 727(d), was dismissed. Mot. to Dismiss Order, Lev. Appx. Ex. 14. Schenberg subsequently amended his complaint to assert only the surviving claim for a dischargeability determination pursuant to § 523(a)(3)(B). Am. Compl., Adv. Dkt. No. 56.

A bench trial was held on April 12, 2012. The bankruptcy judge ruled on the parties' motions *in limine* before trial. The bankruptcy judge granted Schenberg's request to bar collateral attacks on the Missouri Judgment and the Remand Order, finding both were valid, final orders. Trial Tr. at 5:16-22, Schen. Appx. Ex. 2. At trial, the bankruptcy judge granted the Missouri Judgment preclusive effect on the issue of "willful and malicious injury." *Id.* at 20:13-

21:7. The issues remaining for trial were whether (1) the Remand Order constituted a debt for willful and malicious injury for purposes of § 523(a)(6)'s discharge exception, (2) the Missouri Judgment and Remand Order were properly listed and scheduled for purposes of § 523(a)(3)(B)'s discharge exception, and (3) Schenberg had notice or actual knowledge of Leventhal's bankruptcy case for purposes of § 523(a)(3)(B)'s discharge exception. *Id.* at 20:13-21:20.

**The Bankruptcy Court's Findings of Fact and Conclusions of Law**

Following trial, the bankruptcy court declared the Missouri Judgment and the Remand Order nondischargeable under § 523(a)(3)(B). Judgment was entered against Leventhal for $276,895.17. Judgment, Adv. Dkt. No. 159. The bankruptcy court issued detailed findings of fact and conclusions of law regarding each required component of § 523(a)(3)(B).

First, the bankruptcy court stated that the debts were not properly "listed" or "scheduled" because Leventhal provided an incomplete mailing address for Schenberg on his bankruptcy forms. Although Leventhal provided the address for Schenberg's attorney of record in the malicious prosecution and abuse of process litigation on Schedule F, the schedule was not filed until after the Official Form 9A with the relevant deadlines had been sent to creditors. As such, the bankruptcy court found the debts were not listed or scheduled in time for Schenberg to seek a dischargeability determination. Findings & Conclusions at 5:13-8:10, Schen. Appx. Ex. 1. Second, the bankruptcy court held that the debts were nondischargeable under § 523(a)(6), as required for § 523(a)(3)(B)'s discharge exception. The Missouri Judgment from Schenberg's malicious prosecution and abuse of process litigation was entitled to preclusive effect on the issue of "willful and malicious injury," and the Remand Order arose from the same willful and malicious injury. *Id.* at 8:11-16:20. Finally, the bankruptcy court also found that Schenberg did

4

not have notice or actual knowledge of Leventhal's bankruptcy case prior to the discharge based on evidence presented at trial, particularly the testimony of Schenberg and his attorney. *Id.* at 16:21-22:21.

**Post-Trial Motions and Appeal**

On April 23, 2012, Leventhal moved for a new trial or to alter or amend the judgment. Adv. Dkt. No. 161. Four days later he moved for reconsideration of the bankruptcy court's order granting Schenberg's motion *in limine* to preclude collateral attacks on the Missouri Judgment and Remand Order. Adv. Dkt. No. 164. The bankruptcy court denied both motions on May 14, 2012. Orders, Lev. Appx. Ex. 19. Leventhal timely appealed the bankruptcy court's judgment order and post-judgment orders. Am. Notice of Appeal, Adv. Dkt. No. 181.[3]

## STANDARD OF REVIEW

This court has jurisdiction over the bankruptcy appeal pursuant to 28 U.S.C. § 158(a)(1). A bankruptcy court's legal conclusions and mixed questions of law and fact are reviewed *de novo*. *Mungo v. Taylor*, 355 F.3d 969, 974 (7th Cir. 2004). Factual findings are reviewed for clear error. Fed. R. Bankr. P. 8013. The bankruptcy court's credibility determinations shall not be overturned absent an abuse of discretion. *Id.*; *In re Bonnett*, 895 F.2d 1155, 1157 (7th Cir. 1990). This is because the bankruptcy court is best situated to assess witnesses' behavior and demeanor and to weigh evidence. *Anderson v. City of Bessemer City*, 470 U.S. 564, 575 (1985).

---

[3] Leventhal's amended notice of appeal indicates he is also appealing two orders entered in the chapter 7 proceeding: the June 24, 2011 order granting Schenberg's motion to re-open the bankruptcy case, Bankr. Dkt. No. 99, and the May 14, 2012 order denying Leventhal's motion to amend and vacate the order reopening the case, Bankr. Dkt. No. 114. Leventhal's briefs focus solely on the orders entered in the adversary proceeding. Because he does not advance specific arguments relating to the orders in the chapter 7 bankruptcy case, these arguments are waived. *See United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991) (a party requesting reversal of a judgment has an obligation to argue why it should be reversed).

The clear error standard applies to the review of the bankruptcy court's dischargeability determination. *See In re Bonnett*, 895 F.2d at 1157. As long as the bankruptcy court's determinations are "plausible" based on the record, they will not be reversed, even if this court would have decided differently. *Anderson*, 470 U.S. at 573-74; *Freeland v. Enodis Corp.*, 540 F.3d 721, 729 (7th Cir. 2008). Leventhal, as appellant, bears the burden of showing clear error. *See Hower v. Molding Sys. Eng'g Corp.*, 445 F.3d 935, 939 (7th Cir. 2006).

## DISCUSSION

As an initial matter, the parties have presented different statements of the issues on appeal. After review of the parties' briefs, the issues on appeal are (1) whether Shenberg's adversary complaint was timely; (2) whether the bankruptcy court clearly erred in determining that Leventhal did not "list" or "schedule" the Missouri Judgment and Remand Order;[4] (3) whether the bankruptcy court clearly erred in determining Schenberg did not have "notice or actual knowledge" of the bankruptcy from Leventhal's April 5, 2010 email to Huck or his April 6, 2010 mailing; and (4) whether the bankruptcy court erred in applying Missouri preclusion law instead of federal preclusion law and in granting preclusive effect to the Missouri Judgment for the purpose of establishing a "willful and malicious injury" under § 523(a)(6). Leventhal's arguments for striking Schenberg's brief are addressed last.

### I. Timeliness of the Adversary Complaint

Leventhal first challenges the timeliness of Schenberg's adversary complaint. The first date set for the § 341 creditors meeting in Leventhal's bankruptcy case was April 30, 2010. The court set June 29, 2010 as the deadline for filing complaints objecting to discharge or seeking

---

[4] Schenberg identifies this as an issue on appeal, but only to state Leventhal waived it.

dischargeability determinations. Leventhal argues the complaint was untimely because it was filed over one year after the June 29, 2010 deadline.

Leventhal asserts that a creditor has sixty days after the first date set for the § 341 creditors meeting to object to discharge or seek a determination of dischargeability, and any motion to extend time must be made before that period expires. His argument is based on the incorrect assumption that the time limits specified by Federal Rules of Bankruptcy Procedure 4004(a) and 4007(c) control. Schenberg brought his complaint under § 523(a)(3)(B). Bankruptcy Rule 4007(b), which governs complaints that are not commenced under § 523(c), is the applicable rule. Fed. R. Bankr. P. 4007(b). Bankruptcy Rule 4007(b) does not establish a time limit for filing complaints under § 523(a)(3), so Schenberg's complaint was not untimely. *See* Fed. R. Bankr. P. 4007(b) advisory committee's note.

## II. The Bankruptcy Court's Determination that Leventhal "Neither Listed Nor Scheduled" the Debts Under § 523(a)(3)(B)

Debtors are required to file a creditor list containing the names and addresses of each creditor to be listed on their bankruptcy schedules as prescribed by the official bankruptcy forms. Fed. R. Bankr. P. 1007(a)(1). Schedule F directs the debtor to provide a "mailing address" for each creditor. The bankruptcy court determined that Leventhal failed to properly "list" or "schedule" the debts to Schenberg by omitting Schenberg's street address and number on the creditor list and by merely providing the address of Schenberg's attorney on the Schedule F.

Neither Leventhal's statement of the issues nor the substance of his arguments challenges the bankruptcy court's determination that the debts were neither listed nor scheduled. He suggests twice in passing that Schenberg was improperly characterized as an "omitted creditor." First, Leventhal summarily states that "nothing in the record . . . shows or proves in any fashion

that, under the assumption that Schenberg should be falsely deemed *arguendo* to be an 'omitted' creditor, that such omission was due to fraud or intentional design by Leventhal." Lev. Op. Br. at 14 (footnote omitted). He also mentions that "Schenberg falsely asserts that he was omitted but the record proves to the contrary." *Id.* at 14 n.4. There are no record citations. Failure to address a potential argument on appeal other than in passing will not save the undeveloped argument from waiver. *See Weinstein v. Schwartz*, 422 F.3d 476, 477 n.1 (7th Cir. 2005).

### III. The Bankruptcy Court's Determination that Schenberg Did Not Have "Notice or Actual Knowledge" of the Bankruptcy Under § 523(a)(3)(B)

Notwithstanding the bankruptcy court's determination that Schenberg failed to receive formal notice of Leventhal's bankruptcy, Schenberg could not prevail if he had reasonable notice or actual knowledge of the bankruptcy in time to seek a determination of dischargeability by the June 29, 2010 deadline. 11 U.S.C. § 523(a)(3)(B). Leventhal bore the burden of proving notice or actual knowledge. *See Hill v. Smith*, 260 U.S. 592, 595 (1923); *Faden v. Ins. Co. of N. Am. (In re Faden)*, 96 F.3d 792, 795 (5th Cir. 1996); *Le Grand v. Harbaugh (In re Harbaugh)*, 301 B.R. 317, 320-21 (B.A.P. 8th Cir. 2003); *Dugan v. Steely*, No. 03 C 7133, 2003 WL 23144862, at *2 (N.D. Ill. Dec. 24, 2003) (Kocoras, J.); *In re O'Shaughnessy*, 252 B.R. 722, 738 (Bankr. N.D. Ill. 2000) (Squires, J.).

At trial, Leventhal identified several sources by which Schenberg could have possibly obtained notice or actual knowledge of the bankruptcy case: (1) the Official Form 9A sent by the bankruptcy clerk to creditors; (2) the notice of the discharge order sent by the bankruptcy clerk to creditors; (3) an April 5, 2010 email from Leventhal to Huck; and (4) copies of the bankruptcy schedules Leventhal claimed to have mailed to creditors on April 6, 2010. The bankruptcy court determined Schenberg did not receive notice of Leventhal's bankruptcy from any of these

8

sources. It also found that Schenberg did not have actual knowledge of Leventhal's bankruptcy until September 2010, after the discharge had been entered. Findings & Conclusions at 7:15-8:10, 16:21-22:21, Schen. Appx. Ex. 1.

A bankruptcy court's determination regarding "notice" is treated as a fact for the purpose of appellate review and accorded significant deference. *In re Barnes*, 969 F.2d 526, 528 (7th Cir. 1992). Leventhal's briefs do not contain developed arguments that the bankruptcy court erred in finding that Schenberg did not receive notice through the Official Form 9A and notice of discharge sent by the clerk of the bankruptcy court. Leventhal has therefore waived these arguments and they shall not be addressed. *See Weinstein*, 422 F.3d at 477 n.1. Leventhal's arguments that Schenberg received notice from the April 5, 2010 email and the April 6, 2010 mailing are addressed below.

*1. The April 5, 2010 Email*

Leventhal testified and provided documentary evidence that he sent an email to Huck stating, "I had to go personal BK. Do you want notice sent to you or to Schenberg?" Trial Tr. at 170:17-171:2, 175:4-176:16, 179:18-21, Schen. Appx. Ex. 2. The bankruptcy court concluded Leventhal was entitled to a rebuttable presumption that Huck received the email. *See Am. Boat Co. v. Unknown Sunken Barge*, 418 F.3d 910, 914 (8th Cir. 2005); *Ball v. Kotter*, 746 F. Supp. 2d 940, 952 n.10 (N.D. Ill. 2010) (Dow, J.). *See generally In re Nimz Transp., Inc.*, 505 F.2d 177, 179 (7th Cir. 1974) ("timely and accurate mailing raises a rebuttable presumption that the mailed material was received").

Huck testified he did not receive the email. *E.g.*, Trial Tr. at 133:20-135:20, Schen. Appx. Ex. 2. Leventhal admitted he did not receive a response. *Id.* at 171:22-25. He testified he

9

called Huck's office after sending the email but did not reach anyone and did not leave a message. *Id.* at 171:13-21. Schenberg testified he never received a copy of the April 5, 2010 email and did not know about the bankruptcy until September 2010. *Id.* at 117:20-118:17.

The bankruptcy court credited Huck's testimony in finding the presumption of receipt rebutted. Findings & Conclusions at 20:25-21:16, Schen. Appx. Ex. 1. Denial of receipt alone generally will not rebut a presumption of receipt but will create a question of fact. *See In re Pettibone Corp.*, 123 B.R. 304, 310 (Bankr. N.D. Ill. 1990) (Schmetterer, J.). The bankruptcy court's finding was based not only on Huck's denial, however, but on credibility determinations made after carefully assessing his demeanor during trial testimony and cross-examination. Additional evidence further supports the bankruptcy court's finding, including the lack of response Leventhal received to his email and Schenberg's testimony confirming he did not learn about the April 5, 2010 email.

Moreover, the bankruptcy court found that notice to Huck could not be imputed to Schenberg because Huck was not acting as Schenberg's attorney when the email was sent. Findings & Conclusions at 17:19-20:7, Schen. Appx. Ex. 1. Sufficient evidence supports this finding. Both Huck and Schenberg testified Huck was not actively representing Schenberg between March 22, 2010, when Leventhal filed for bankruptcy, and June 29, 2010, when the discharge was entered. Trial Tr. at 23:24-26:9, 149:17-150:21, Schen. Appx. Ex. 2. Huck testified his law firm prevented him from representing Schenberg in collection efforts relating to the Missouri Judgment because Leventhal had threatened to sue Schenberg's attorneys. *Id.* at 140:20-142:18. Leventhal challenged their testimony by pointing to a statement in Huck's *pro hac vice* motion stating he had represented Schenberg for "approximately ten years." *Pro Hac*

*Vice* Mot. at 4, Adv. Dkt. No. 29. The bankruptcy court was in the best position to assess Huck and Schenberg's credibility. It did not abuse its discretion by crediting their testimony as to the specific dates of the attorney-client relationship and Huck's explanation of the statement in his *pro hac vice* motion.

Citing *In re Schicke*, 97 F. App'x 249 (10th Cir. 2004), and *Lompa v. Price (In re Price)*, 871 F.2d 97 (9th Cir. 1989), Leventhal argues that notice to a judgment creditor's attorney of record in a state court proceeding constitutes reasonable notice. The creditor in *Schicke* was a credit association that had undergone various name changes. 97 F. App'x at 250. At the time debtor filed for bankruptcy, creditor was not listed in the phone book or registered with the State under any name known to debtor. *Id.* Debtor listed the only address for creditor it had—the address of the law firm of the attorney representing creditor in the state court proceeding—on its bankruptcy forms. *Id.* Creditor denied receiving notice but did not produce an attorney to testify on behalf of the law firm regarding receipt. *Id.* at 250-51. The bankruptcy court drew an adverse inference from creditor's failure to produce witnesses and concluded it had actual notice, and the Tenth Circuit affirmed. *Id.* at 251. *Price* involved an unlisted creditor who was found to have received notice of debtor's bankruptcy from his attorney, who was notified by debtor's counsel that their ongoing state court action was being stayed due to the bankruptcy. 871 F.2d at 97-99.

*Schicke* and *Price* are factually distinguishable and do not warrant reversal of the bankruptcy court's determination. In contrast to the debtor in *Schicke*, Leventhal presented no evidence that he would not have been able to ascertain Schenberg's correct mailing address using reasonable diligence. Unlike the attorneys in *Schicke*, Huck testified he did not receive notice. *Price* is inapposite because Huck testified he was not actively representing Schenberg when

Leventhal filed for bankruptcy and did not receive notice of the bankruptcy.

## 2. *The April 6, 2010 Mailing*

The bankruptcy court's determination that Schenberg did not receive notice from Leventhal on or around April 6, 2010 is reviewed for clear error. Fed. R. Bankr. P. 8013. Although Leventhal testified to mailing copies of his bankruptcy forms to Schenberg in care of Huck on April 6, 2010, *see* Trial Tr. at 171:22-174:8, Schen. Appx. Ex. 2, the bankruptcy court found his testimony "thoroughly unbelievable" because Leventhal only mentioned the April 6, 2010 mailing after his motion for summary judgment was denied and because he presented no evidence to support his claim. Findings & Conclusions at 21:17-22:14, Schen. Appx. Ex. 1. It observed that Leventhal's detailed affidavit from March 5, 2012 never mentioned mailing notice to creditors on April 6, 2010. *Id.* at 21:24-22:5. *See also* Lev. Aff., Adv. Dkt. No. 111-1 at 6-24. Huck and Schenberg testified they did not receive bankruptcy forms from Leventhal on or around April 6, 2010. Trial Tr. at 123:16-124:3, 138:2-6, Schen. Appx. Ex. 2. The bankruptcy court's credibility determinations and the evidence presented at trial establish it was plausible Schenberg did not receive notice of the bankruptcy from Leventhal in April 2010.

Leventhal also challenges the bankruptcy court's order dated May 14, 2010 denying his motion for new trial or to alter or amend the judgment, to which he attached additional evidence supporting his claim that he sent notice to creditors on April 6, 2010. Denial of Leventhal's motion is reviewed for an abuse of discretion. *See Divane v. Krull Elec. Co.*, 194 F.3d 845, 848 (7th Cir. 1999). To prevail on a motion to alter or amend judgment, a party must show newly discovered evidence or a manifest error of law or fact; a party cannot merely submit evidence or advance arguments that could have been presented at trial. *Id.* at 850.

12

Leventhal's motion advanced the same arguments he made at trial, but he submitted additional evidence, including four sworn affidavits from creditors claiming they received Leventhal's bankruptcy schedules in April 2010. Lev. Mot. for New Trial, Ex. 8-11, Adv. Dkt. Nos. 162 at 32-49, 162-1 at 1-2. The bankruptcy court properly rejected this evidence because it was not "newly discovered." Adv. Dkt. 173 at 9-10. The affidavits were dated post-trial but their substance concerned events that occurred before trial. Leventhal could have presented this evidence at trial but did not. Even if this evidence been considered, it does not show that Leventhal mailed notice to Schenberg. None of the affidavits is from an agent of Schenberg, and none provides specific testimony confirming a mailing was made to Schenberg.

Upon examination of the record, and according proper deference to the bankruptcy court's factual findings and credibility determinations, the court finds no clear error in the bankruptcy court's determination that Schenberg had neither notice nor actual knowledge of Leventhal's bankruptcy before the deadline for objecting to discharge had passed.

## IV. The Bankruptcy Court's Conclusions Regarding the Missouri Judgment

Before the Missouri Judgment and Remand Order could be declared nondischargeable, Schenberg had to prove by a preponderance of the evidence that they fell within § 523(a)(6)'s discharge exception. *See* 11 U.S.C. § 523(a)(3)(B); *Grogan v. Garner*, 498 U.S. 279, 286-91 (1991). An injury is "willful" for purposes of § 523(a)(6) if the debtor both intends to act and to inflict the resulting injury. *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998). "Malicious" means conscious disregard of duties or lack of just cause or excuse. *In re Thirtyacre*, 36 F.3d 697, 700 (7th Cir. 1994).

The morning of trial, the bankruptcy court granted Schenberg's motion *in limine* to

13

preclude Leventhal from collaterally attacking the Missouri Judgment and the Remand Order. During trial, the bankruptcy court concluded the Missouri Judgment was preclusive on the issue of "willful and malicious injury" and that Schenberg had established a *prima facie* case that the debts were subject to § 523(a)(6)'s discharge exception. Trial Tr. at 15:4-8, 20:13-21:7, Schen. Appx. Ex. 2. It determined that a Missouri court would give preclusive effect to the Missouri Judgment based on factual findings implicit in the judgment itself. Findings & Conclusions at 10:6-13:19, Schen. Appx. Ex.1.

Leventhal first argues that the bankruptcy court did not follow the doctrine of federal supremacy when it applied Missouri law to conclude the Missouri Judgment had preclusive effect. Second, Leventhal argues he should have been allowed to collaterally attack the Missouri Judgment and Remand Order at trial. The application of collateral estoppel effect to the Missouri Judgment is a legal conclusion subject to *de novo* review. *In re Davis*, 638 F.3d 549, 553 (7th Cir. 2011). The grant of a motion *in limine* is reviewed for abuse of discretion. *Von der Ruhr v. Imtech Int'l, Inc.*, 570 F.3d 858, 862 (7th Cir. 2009).

Collateral estoppel bars relitigation of issues determined in a prior court action and applies to discharge exception proceedings under § 523(a). *Grogan*, 498 U.S. at 295 n.11; *Jensen v. Foley*, 295 F.3d 745, 748 (7th Cir. 2002). Collateral estoppel unquestionably applies to discharge exception proceedings under § 523(a). *Grogan*, 498 U.S. at 295 n.11. Federal courts must give state court judgments the same preclusive effect as a court in the rendering state, applying that state's law. *Jensen*, 295 F.3d at 748; *Bukowski v. Patel*, 266 B.R. 838, 842 (E.D. Wis. 2001) (Adelman, J.).

While collateral estoppel applies only to issues that have been necessarily and

unambiguously decided, express factual findings are not required because an issue may be decided from findings implicit in the judgment. *State v. Nunley*, 923 S.W.2d 911, 922 (Mo. 1996); *Carr v. Holt*, 134 S.W.3d 647, 650 (Mo. Ct. App. 2004). A favorable judgment in a malicious prosecution and abuse of process action unequivocally establishes a willful and malicious injury for a § 523(a)(6) dischargeability determination. *Fischer v. Scarborough (In re Scarborough)*, 171 F.3d 638, 643 (8th Cir. 1999). The bankruptcy court followed well-established precedent in applying Missouri law to determine the Missouri Judgment's preclusive effect and in basing its decision on the judgment itself without extensive analysis of § 523(a)(6)'s required elements.

Leventhal argues that the bankruptcy court's decision should be invalidated because it is unclear whether the jury rendering the Missouri Judgment used the "preponderance of the evidence" standard of proof. He states that if they did not, then Schenberg has not met his burden of proving a "willful and malicious injury" by a preponderance of the evidence as required for § 523(a)(6)'s discharge exception. The bankruptcy court does not address the standard of proof required in malicious prosecution and abuse of actions under Missouri law, but the failure to do so is not fatal. In Missouri, a "preponderance of the evidence" standard is the minimum standard of proof for civil suits, and an award of punitive damages requires "clear and convincing evidence"—a higher standard of proof than required under federal bankruptcy law. *See Rodriguez v. Suzuki Motor Corp.*, 936 S.W.2d 104, 110-11 (Mo. 1996) (en banc). The Missouri Judgment awarded both compensatory and punitive damages to Schenberg. As a matter of law, the jury employed the minimum standard of proof required under federal law. After *de novo* review, the court does not find the bankruptcy court erred in giving the Missouri Judgment

preclusive effect for the purpose of establishing a "willful and malicious injury" under § 523(a)(6).

Leventhal's challenge to the bankruptcy court's grant of Schenberg's motion *in limine* also fails. His argument that he was entitled to conduct an in-depth examination of the Missouri Judgment largely based on the Supreme Court's decision in *Brown v. Felsen*, 442 U.S. 127 (1979). In *Brown*, the Court held that a judgment entered pursuant to stipulation in a state court collection proceeding did not bar a bankruptcy court's review of evidence extrinsic to the judgment in order to determine dischargeability. 442 U.S. at 139. *Brown* involved the application of the doctrine of *res judicata*, or claim preclusion, not the narrower doctrine of collateral estoppel, or issue preclusion. In fact, the Court specifically acknowledged that collateral estoppel would apply in a bankruptcy proceeding to factual issues already decided by the state court proceeding. *Id.* at 139 n.10. The bankruptcy court did not abuse its discretion in barring Leventhal from collaterally attacking the Missouri Judgment and Remand Order.

## V.     Leventhal's Request to Strike Schenberg's Brief

Finally, Leventhal raises several arguments for striking Schenberg's brief based on a number of alleged defects. He claims the brief fails to respond to arguments raised in his opening brief, exceeds the 15-page limit prescribed by Local Rule 7.1, was filed before designation of local counsel as required by Local Rule 83.15(a), and was improperly signed by out-of-state counsel. Although these arguments appear in Leventhal's reply, they shall be liberally construed as a renewed motion to strike. *See McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000) (*pro se* litigants' pleadings should be liberally construed).

None of Leventhal's arguments has merit. Although Schenberg recharacterized

Leventhal's statement of the issues and outlined his response according to his own statement of the issues, the substance of Schenberg's brief adequately responds to the substance of Leventhal's brief. As for Leventhal's remaining arguments, the court previously addressed them in denying Leventhal's initial motion to strike. *See* Mot. to Strike Order, Dkt. No. 30. Leventhal raises no new facts or law to support reconsideration of that ruling, so his renewed request to strike is denied.

## CONCLUSION

The bankruptcy court did not clearly err in determining that Leventhal's debt to Schenberg was nondischargeable under 11 U.S.C. § 523(a)(3)(B). In particular, the bankruptcy court did not commit an error of law by giving preclusive effect to the Missouri Judgment for the purpose of finding the elements of § 523(a)(6) satisfied. Finally, the bankruptcy court did not abuse its discretion by denying Leventhal's post-trial motion for new trial or to alter or amend the judgment or by denying his post-trial motion to reconsider the order granting Schenberg's motion *in limine* to bar collateral attacks on the Missouri Judgment and Remand Order. Accordingly, the bankruptcy court's judgment order dated April 13, 2012 and post-judgment orders dated May 14, 2012 are affirmed.

ENTER:

Suzanne B. Conlon
United States District Judge

October 9, 2012